CHIEF JUSTICE DUVALL
delivebed the opinion of the court: (Judge Peter» ■ did not preside in this case.)
By the sixth clause of the will of Thomas Grubbs, dec’d., he" devised to the children of his sister, Mourning Boone, , an equal *340 share, with the balance of his brothers and sisters, of his estate not otherwise disposed of.
Mrs. McClinsey, oneofthe children of Mourning Boone, died before the death of the testator, and, as must be assumed, before the execution of the will, leaving an only child, Mrs. Sheets, the present appellant.
The court below decided, in effect, that none of the children of Mourning Boone, or their descendants, who died prior to the execution of the will, were entitled to anything under the devise to her children. From that judgment Mrs. Sheets and her husband have appealed.
For the appellants it is insisted that Mrs. Sheets, as the representative of her mother, Mrs. McClinsey, occupies the same position, under the will, that the latter would occupy if living, and is entitled to the share which the mother, if living, would have been entitled to, as one of the children of Mourning Boone.
In support of their claim they rely upon the following provision of the Revised Statutes:
“Where a devise is made to several as a class, or as tenants in common, or as joint tenants, and one or more of the devisees shall die before the testator, and another or others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor.” (Sec. 1, art. 2,page 1.) “If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by^he will.” (Section 18, page 461.)
The entire argument for the appellants proceeds on the assumption that the mother of Mrs. Sheets was embraced in the devise to “the children of Mourning Boone,” and was, therefore, a devisee or legatee under the will. If this assumption was maintainable, there could be no doubt that the statutes refer *341 red to would apply, and would sustain the claim asserted by the appellants.
The only question to be decided, then, is whether Mrs. Mc-Clinsey was a devisee or legatee under the will of the testator.
The devise was, as we have seen, to the children of Mourning Boone. Whom did the testator intend to include in this general designation? Certainly, those of the children who were then living, and not those who had previously died. The presumption that the testator intended to give any portion of his estate, to persons he knew were not then in existence, is altogether inadmissable. If the devise had been to the children by name, or to the ten children of Mrs. Boone, the issue of such as may have been dead, at the making of the will, would have taken under the statutes. And so, perhaps,! if it had been shown that the will was made under the belief,! on the part of the testator, that the children were all then liv-| ing, the claim of the issue might have been sustained. Onj this point, however, we need not and do not express anjj opinion.
It has been repeatedly held that the word children does not ordinarily denote grand children, and is never so construed except in cases where it is indispensably necessary to effectuate the obvious intent of the testator. (Churchill vs. Churchill, &c., (2 Met. Ky. Rep., 466.) No such necessity exists in this case.
The judgment is affirmed.