## Disney v. Creech et al.

Dec. 5, 1944.

E. L. Morgan for appellant.

Astor Hogg and J. B. Carter for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

D. H. Disney brought this action in equity against Grant Creech and Mrs. Grant Creech to enjoin them from trespassing on a strip of land 18 feet wide and about 400 feet long lying between other land owned by the plaintiff and a public highway near Cumberland, in Harlan county. He asked that his title to the strip of land be quieted. This appeal is from the judgment denying the relief sought and adjudging that the plaintiff owned no interest in the strip of land described in the petition.

It was alleged in the petition that the plaintiff, D. H. Disney, purchased a tract of land, including the land in dispute, at a judicial sale in an action in which Grant Creech and his wife were plaintiffs; that the sale was confirmed at the November, 1941, term of the Harlan circuit court; and that the master commissioner executed and delivered to him a deed to the property. It is the contention of appellee, Grant Creech, that the description of the land purchased by appellant at the judicial sale did not embrace the 18-foot strip. Both tracts of land and other adjoining tracts were owned prior to 1912 by Isaiah Creech, grandfather of Grant Creech. On January 16, 1912, Isaiah Creech conveyed to his son, William M. Creech, one acre of land described as follows:

"Beginning on an apple tree about 15 feet North east of the Gilbert Creech dwelling house thence a straight line to the beginning corner to a tract of land deeded to Polly Isom by Isaiah Creech Sr. thence westward with said Polly Isom's line to the Still house branch; thence up the said branch with the meanders of same to a planted stone marked with a cross thence Eastward a straight line to the beginning."

Isaiah Creech died a short time after this deed was executed. After some litigation among his heirs which

reached this court, Creech v. Creech, 186 Ky. 149, 216 S. W. 127, the land of Isaiah Creech was partitioned among his eight children in 1920. Commissioners appointed by the court allotted to William M. Creech tract No. 2, containing .95 acres. They also allotted to William M. Creech a small strip of land described as follows:

"Beg. at a stake on G. A. Eversole's line Cor. between said Eversole and allotment No. 8 herein, thence N 9—43 W 420 ft. to a stake G. A. Eversole's line. Thence S 50—17 W 267 ft. to a stone G. A. Eversole's cor. Thence S 9—53 E 232.2 ft. to J. D. Smith's line; thence N 69—48 E 13.4 ft. to stake cor. of William Creech. Thence S 8—03 E 162 ft. to a stake cor. of allotment No. 8. Thence S 87—51 E 18 ft. to the beginning containing .14 of an acre more or less."

This tract adjoined on the east the 1-acre tract conveyed to William M. Creech by his father, Isaiah Creech, on January 16, 1912, and is the strip of land now in controversy. The master commissioner was directed to convey to the eight children of Isaiah Creech the respective tracts allotted to them by the commissioners, but it seems that he failed to convey to William M. Creech the .14-acre tract. However, on June 24, 1922, a deed to this tract was executed to William M. Creech by some of the children and heirs of Isaiah Creech. The consideration recited in the deed is "for and in consideration of a division of the lands of said decedent, Isaiah Creech, and the fact that second party was allotted the boundary hereinafter described as part of his share of said estate by the Commissioners appointed for that purpose, and a deed by Virgil Eversole, Special Commissioner, does not include said boundary." All of William M. Creech's brothers and sisters and children of a deceased sister were named grantors in the deed, but one of his brothers, J. K. Creech, did not sign it and another brother, Elisha Creech, signed the deed but failed to acknowledge it. There is an intimation in the record that J. K. Creech and Elisha Creech conveyed their interests in the .14-acre tract to Walter Creech, a nephew, in 1920. Walter Creech conveyed whatever interest he had to appellee, Grant Creech, on April 30, 1942. William M. Creech treated this tract as part of the 1-acre tract purchased from his father in 1912. A concrete road runs along the east side of the .14-acre strip and a fence

separates it from the road. William M. Creech erected a coal house and a smokehouse on the strip, and always used it as a part of the yard around his residence. Grant Creech, the appellee, is the son of William M. Creech, who died some time prior to 1941. It appears that in 1937 William M. Creech conveyed to his son, Grant Creech, the 1-acre tract on which the dwelling was located. This deed was not made a part of the record and it is not clear what interest was conveyed to appellee, but he testified that he received about one-third of the proceeds when it was sold. The property was ordered sold at the September, 1941, term of the Harlan circuit court in a proceeding styled Grant Creech, Garfield Creech and Pearlie Creech v. Lucy Ann Gilley and Frank Gilley. Pearlie Creech is the wife of Grant Creech and Garfield Creech is his brother. Lucy Ann Gilley is the widow of William M. Creech, and has remarried. The description of the land sold in that proceeding followed the description in the deed of 1912 from Isaiah Creech to William M. Creech, and it is conceded that the land described does not include the 18-foot strip located between it and the highway. Mrs. Gilley testified that the two tracts had been enclosed by a fence for more than 20 years, and that her deceased husband had erected outbuildings on the small tract. The two tracts constituted the yard around the house. The property was sold by the master commissioner at the courthouse door in Harlan, Kentucky, on November 3, 1941, on a credit of six months. It was appraised at $1,500, and appellant was the successful bidder at $1,600. He paid the purchase price, and the master commissioner executed a deed to him on May 14, 1942. Grant Creech was occupying the dwelling at that time, and appellant notified him to vacate the premises. Creech erected a fence across the yard along the line between the 1-acre tract and the .14-acre tract, and notified appellant that he owned an interest in the small tract and that appellant had purchased no part of it at the judicial sale. William M. Creech had five children, and it is Grant Creech's contention that he inherited an interest in the 18-foot strip. After the commissioner's sale in November, 1941, he purchased the ¼ interest claimed by Walter Creech and the interests of some of his brothers and sisters.

It is manifest from the record that the value of the strip in dispute, standing alone, is only nominal, and that the value of the 1-acre tract is materially less with-

out the small tract, as it is practically without an outlet to the highway. It is also manifest that no one present at the sale knew of the existence of the 18-foot strip as a separate tract, and all believed that the entire tract down to the highway was being sold. According to the proof $1,600, the amount paid by appellant, is the full value of the two tracts combined, and the one-acre tract alone is not worth more than $400 or $500. The appraisers who appraised the land described in the order of sale testified that they believed the lot extended to the highway, otherwise they would have appraised it at not to exceed $500. Appellant testified that Grant Creech told him at the sale that the lot advertised to be sold included all the land enclosed by the fence. Creech denied making this statement, but much of his testimony was evasive and unsatisfactory. Whether he made this statement or not, we think the circumstances were such as to put on him the duty to speak if he intended to claim the strip of land along the road. He knew that appellant was bidding an excessive price for the 1-acre lot, and was doing so in the belief that the entire enclosed lot was being sold. If not estopped by express representations, he is estopped by his conduct from asserting title to the land as against appellant and from interfering with appellant's control and management of it. He was a party to the proceeding in which real estate was being sold, was present at the sale and knew that appellant and others present were bidding in the belief that the land embraced the tract to which he later claimed title. His conduct amounted to an implied representation that the supposed state of facts existed. It is a just and well-recognized principle that "he who is silent when he should have spoken, shall not be afterward heard to assert the claim which, on the proper occasion, he failed to disclose." Phillips v. Clark, 4 Metc. 341, 61 Ky. 341, 83 Am. Dec. 471; Alexander v. Woodford Spring Lake Fishing Co., 90 Ky. 215, 14 S. W. 80; Farmer v. Gipson, 201 Ky. 477, 257 S. W. 1. In Courtney v. Farthing, 282 Ky. 54, 137 S. W. 2d 703, 707, the facts were somewhat similar to those in the present case, and the court said:

"Fondaw having been induced to buy the land in the belief that he was buying it all and being deceived by the representations made as to the boundaries of the land by plaintiffs, the trial court properly ruled that the plaintiffs were estopped by their conduct from there-

after seeking to recover the tract in controversy, which had by plaintiffs been misrepresented as included within the mortgaged land offered by the commissioner for sale.

"In such case, as argued by counsel for appellees, the important question becomes not as to whether the the land in controversy is in fact embraced in the commissioner's sale or in the deed to Fondaw, but is whether the plaintiffs, by their representations made as to the boundaries of land to be sold at the foreclosure sale, induced the prospective purchasers, including the defendant Fondaw, to believe that such were the true boundaries and act on that belief."

The judgment is reversed, with directions to enter a judgment in conformity with this opinion.