**STORY et al. v. BRUMLEY et al.**

Court of Appeals of Kentucky.

Oct. 10, 1952.

As Modified on Denial of Rehearing Dec. 19, 1952.

Marvin J. Sternberg, Louisville, for appellants.

Phelps & Wilson, Jamestown, for appellees.

STANLEY, Commissioner.

The petition of R. P. Story and wife charged the defendants, Ben Brumley and wife, with trespassing upon their land under a claim of title. They prayed that the lines of the parties be located and plaintiffs' title to the disputed part be quieted. The defendants set forth their boundaries and traversed relevant allegations. The trial, before the judge upon oral testimony, resulted in a judgment dismissing the petition.

The land is in the Rowena vicinity of Russell County. The common source of the title seems to be a survey or patent (No. 7016–2) issued in 1828 to the trustees of Russell County Academy. This and later surveys from which it was sought to establish the correct boundary line, as was customary, designated trees and stumps as object corners and lines. They, or most of them, were long ago obliterated. The defendants' dwelling was erected in 1938 on the land in dispute and since has been occupied by them.

This much is certain; the testimony of the parties and the surveys are contradictory. Other than that fact, the evidence is uncertain and the testimony incomprehensible. In using the respective plats, on the trial the witnesses pointed out to the judge corners as "here" and the lines as "this line" or "from here to there" and the like. It is impossible for a reader to locate those points or those lines. Of potent influence is the testimony of a surveyor who was formerly the County Judge, and who is well acquainted with the locations, that in partitioning the Stevenson property, particularly in laying off the dower (a part of which is involved) the plaintiff, Story, was present and he raised no objection. Also, a former county surveyor, familiar with the lines and the titles, likewise supports the defendants' claim. The appellants' attorney in brief offers explanations and clarifications, but we must accept the argument of the appel-

lees that the case must be tried upon the record.

■ It is a fundamental rule of appellate practice that the finding of fact by a Judge trying a case without a jury is presumptively correct, and, as in other appeals, the appellant has the duty or burden of clearly showing error. Failing in such, the judgment will be affirmed. Citation of authority for this elementary rule is unnecessary.

The judgment is affirmed.