**Claude Thomas CROLEY and Mary Croley, Movants,**

v.

**Billy J. ALSIP and Marie Alsip, Respondents.**

Supreme Court of Kentucky.

May 13, 1980.

Rehearing Denied June 24, 1980.

---

John T. Carneal, Charles W. Granner, III, Paducah, for movants.

Earl T. Osborne, Osborne, Deatherage & Fletcher, Paducah, for respondents.

STEPHENS, Justice.

This case involves a boundary line dispute. The question we determine is whether the Court of Appeals was correct in reversing the judgment of the trial judge.

Two adjacent tracts of land located in McCracken County, outside the city of Paducah, are owned by the parties to this action. Sometime in 1973 a dispute arose as to the precise location of the property line between the two tracts. The parties agreed to jointly hire a man named Jewell Borden to "stake out the existing boundary line." He did so, but the movants were dissatisfied with his findings and hired an engineering firm, Hollis & Griggs, to check Borden's work. The result was the same, and respondents then proceeded to tear down an old fence and build a new one several feet nearer to the movants' residence.

The movants filed a declaratory judgment action in the McCracken Circuit Court to determine the location of the line, and the trial judge ruled in their favor. The respondents appealed that judgment and the Court of Appeals reversed, finding that the movants' proof was "weak" and did not "carry its burden of persuasion." We do not agree.

The relevant evidence is easily summarized. The Borden and the Hollis & Griggs jobs were not surveys, but were simply what is called, in the parlance of engineers, a "shooting of the line." Both used monuments located on the property and neither used any other reference points. During the trial, and with the formal approval of the trial judge, a survey was made by Billington Consulting Engineers. Using standard engineering techniques, including the establishment of a starting point through several independent reference points including adjacent property descriptions, this survey sustained the claim of the movants.

Through the testimony of several witnesses, it was clearly established that there had been a fence between the tracts of land for a period of 40 to 45 years. It was shown that the respondents had torn down this fence and, coincidentally, the Billington survey established the line basically on the location of the old fence. Relying on this evidence and adopting the Billington survey, the trial judge concluded that the movants were entitled to a strip of land approximately three feet wide which had been claimed by the respondents.

The law is clear that "findings of fact [of the trial judge] shall not be set aside unless clearly erroneous." CR 52.01; 7 Clay, Kentucky Practice, Rule 52.01, comment 8. This court has applied this rule in boundary disputes. "It is the rule that, where this Court cannot say on an appeal from the decree in an action involving a boundary dispute that the Chancellor's adjudication is against the weight of the evidence, the decree will not be disturbed." *Rowe v. Blackburn*, Ky., 253 S.W.2d 25, 27 (1952). See also *Story v. Brumley*, Ky., 253 S.W.2d 24 (1952). The evidence in the record in this case is clearly sufficient to sustain the judgment of the trial court.

One further point remains. The respondents, in their brief before this court, appended several "exhibits." A review of the record shows that at least two of these items are not in the transcript of evidence and, as such, are not technically exhibits and are not before us. Inclusion of these items was improper. CR 75.01, 76.-12(4)(a)(vi).

The decision of the Court of Appeals is reversed and the judgment of the circuit court is affirmed.

All concur.