RENDERED: JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0856-MR

WILLIAM "SCOTT" ALBRIGHT                                                APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 19-CI-005732

BRIAN ROYSE                                                                      APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE: Appellant, William "Scott" Albright ("Albright"), appeals from

the Jefferson Circuit Court's order granting the Appellee, Brian Royse's

("Royse"), motion to dismiss for failure to state a claim for malicious prosecution,

intentional infliction of emotional distress ("IIED"), and request for fees and costs

under KRS[1] 503.085(3). Following review of the record, all applicable law, and being otherwise sufficiently advised, we affirm in part, reverse in part, and remand.

## I. BACKGROUND

Albright owned a firearm store in the Louisville Metropolitan area. On July 8, 2015, two brothers, Kyle and Cameron Pearson, were engaged in an altercation outside of the store. The two brothers were arguing over a gun Kyle had stolen from Cameron two days prior. While bystanders were present, a couple of shots were fired into the pavement. After observing the situation from the inside of his store, Albright exited the store and made his way to the area where Kyle and Cameron were arguing. With his firearm at the ready, Albright instructed Kyle to put down his weapon. Immediately thereafter, Cameron tackled Kyle to ground and the two wrestled for control of Kyle's firearm at which time Kyle's gun discharged firing close to where Albright was crouched. Albright returned fire, shooting both Kyle and Cameron. Kyle survived his injuries but Cameron died from the gunshot wound inflicted by Albright.

Louisville Metro Police Department ("LMPD") arrived on the scene shortly after Albright discharged his weapon. Surveillance video was recovered from several of the surrounding businesses, and LMPD officers requested Albright to accompany them back to the station for additional questioning. Albright

---

[1] Kentucky Revised Statutes.

complied and spent approximately three hours answering questions at the police station.  After the questioning was completed, lead detective Brian Royse told Albright he was free to leave.  According to Albright, Royse told him that the facts did not warrant prosecution because it was clear that Albright had acted in self-defense.  Specifically, Albright alleges that Royse said:  "This was justified. There is no reason to charge you. This is self-defense.  Self-defense is my recommendation.  You are free to leave."

Approximately two months later, on September 24, 2015, the Jefferson County Grand Jury delivered an indictment of Albright for the murder of Cameron Pearson and the assault in the first degree of Kyle Pearson after two minutes and nine seconds of testimony.  Albright filed a motion to dismiss the indictment pursuant to KRS 503.085 arguing that he was immune from criminal prosecution.[2]  The trial court granted Albright's motion and dismissed the indictment; we affirmed the dismissal on appeal.  *Commonwealth v. Albright*, No. 2016-CA-001352-MR, 2018 WL 1770328 (Ky. App. Apr. 13, 2018).  The Kentucky Supreme Court denied discretionary review.

---

[2] KRS 503.085(1) provides in relevant part that:  "A person who uses force as permitted in KRS 503.050, 503.055, 503.070, and 503.080 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom the force was used is a peace officer, as defined in KRS 446.010, who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law, or the person using force knew or reasonably should have known that the person was a peace officer."

On September 18, 2019, Albright filed suit against Royse in Jefferson Circuit Court, bringing claims of malicious prosecution, intentional infliction of emotional distress, and seeking compensatory and punitive damages for the prosecution against him, and attorney's fees and court costs under KRS 503.085(3). In lieu of an answer, Royse moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to CR[3] 12.02(f). The circuit court entered a memorandum and order granting the motion to dismiss on June 9, 2020. This appeal followed.

## II. ANALYSIS

Our standard of review on a motion to dismiss is as follows:

> A motion to dismiss for failure to state a claim upon which relief may be granted "admits as true the material facts of the complaint." So a court should not grant such a motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved . . . ." Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." This exacting standard of review eliminates any need by the trial court to make findings of fact; "rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" Since a motion to dismiss for a failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

---

[3] Kentucky Rule of Civil Procedure.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnotes and citations omitted). CR 12.02(f) is properly utilized to dismiss a claim when a litigant would fail to succeed under any set of facts that could be provided in support of relief. *James v. Wilson*, 95 S.W.3d 875, 883 (Ky. App. 2002).

Kentucky requires pleadings filed in its courts to contain a short and plain statement of the claim showing that the pleader is entitled to relief. CR 8.01. Kentucky has long utilized a notice pleading standard to do so. Our Supreme Court recently reiterated the use of the notice pleading standard in *Russell v. Johnson & Johnson, Inc.*, 610 S.W.3d 233 (Ky. 2020).

> "Kentucky is a notice pleading jurisdiction, where the 'central purpose of pleadings remains notice of claims and defenses.'" *Pete v. Anderson*, 413 S.W.3d 291, 301 (Ky. 2013) (citing *Hoke v. Cullinan*, 914 S.W.2d 335, 339 (Ky. 1995)). In accordance with Kentucky Civil Rule 8.01(1), "[a] pleading which sets forth a claim for relief . . . shall contain (a) a short and plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled." As interpreted by this Court, "[i]t is not necessary to state a claim with technical precision under this rule, as long as a complaint gives a defendant fair notice and identifies the claim." *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W. 3d 840, 844 (Ky. 2005) (citing *Cincinnati, Newport, & Covington Transp. Co. v. Fischer*, 357 S.W.2d 870, 872 (Ky. 1962)).
>
> Importantly, "[w]e no longer approach pleadings searching for a flaw, a technicality upon which to strike down a claim or defense, as was formerly the case at common law." *Smith v. Isaacs*, 777 S.W.2d 912, 915

(Ky. 1989). When reviewing a complaint to determine whether it states a cause of action, it "should be liberally construed." *Morgan v. O'Neil*, 652 S.W.2d 83, 85 (Ky. 1983). Our liberal pleading standard was recently demonstrated when we held that a complaint "couched in general and conclusory terms, complied with CR 8.01(1)." *KentuckyOne Health, Inc. v. Reid*, 522 S.W.3d 193, 197 (Ky. 2017).

Applying Kentucky's well-established notice pleading principles, we hold Appellant's complaint alleged a sufficient cause of action to survive a motion for judgment on the pleadings. We refuse to mandate a heightened pleading standard and, therefore, reiterate Kentucky's requirement of bare-bones, notice pleading.

Here, Biosense asserts a complaint must include the specific federal regulations violated in order to survive a judgment on the pleadings; we disagree. Although Biosense appears to cite federal cases supporting this position, those cases were evaluated under the more stringent, federal pleading standard. Biosense does not cite any Kentucky cases on our pleading standard; and notably, Kentucky's pleading standard is more lenient. *See Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013). *Combs* clarified "the [United States Supreme Court] altered the federal pleading standard by making it more stringent for plaintiffs," and held "Kentucky's pleading standard is more lenient than the federal rules." *Id.*

As we have held, "[t]he federal rules of procedure . . . are applicable to the proceedings in federal court and are not to be applied to practice or procedure in state courts." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 483 (Ky. 1991). In Kentucky, "[i]t is vital that we not sever litigants from their right of trial, if they do in fact have valid issues to try, just for the sake of efficiency and expediency." *Id.*

*Id.* at 240-41.

Federal courts utilize a much more stringent, plausible pleading standard, wherein federal courts require "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The circuit court, confusingly, cited to both pleading standards. It stated specifically:

> "It is not necessary to state a claim with technical precision under this rule, as long as a complaint gives a defendant fair notice and identifies the claim." *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005), citing, *Cincinnati, Newport & Covington Transp. Co. v. Fisher*, 357 S.W.2d 870, 872 (Ky. 1962). "But the simplification and liberality extend to the manner of stating a case are not so great as to obviate the necessity of stating the elements of a cause of action or defense, as the case may be." *Johnson v. Coleman*, 288 S.W.2d 348 (Ky. 1956). "The basic elements thereof must fairly be shown., i.e., (a) a primary right of the plaintiff, and (b) a wrong of the defendant which breaches the right and results in damage." *Burkhart v. Community Medical Center*, 432 S.W.2d 433, 435 (Ky. 1968), quoting Clay's Kentucky Practice, Volume 6, under Author's Comments, Rule 8.01. As noted by the Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), all that is required to defeat a motion to dismiss for failure to state a claim upon which relief can be granted is "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

R. at 86-87.

Having restated the proper notice-pleading standard Kentucky utilizes,

we now direct our attention to Albright's malicious prosecution argument. *Martin*

*v. O'Daniel* set out the malicious prosecution elements as follows:

> 1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff;
>
> 2) the defendant acted without probable cause;
>
> 3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based;
>
> 4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and
>
> 5) the plaintiff suffered damages as a result of the proceeding.

507 S.W.3d 1, 11-12 (Ky. 2016).

> In the case before us, Albright pleaded:
>
> 23.  Albright cooperated and went downtown with an LMPD transport officer.  He was not arrested nor placed in handcuffs.  He willingly went with the police. Albright cooperated fully, waived his *Miranda* Rights, and was subjected to hours of questioning by the detectives on the case.  There was no question that went unanswered and he stayed as long as he was asked (approximately 3 hours).

-8-

24. After all that transpired and his full cooperation, Plaintiff Albright was allowed to walk out of the police department on his own free will and there was a compelling reason for that.

25. Before he voluntarily left the police station, Albright had a conversation with Lead Detective Brian Royse. Defendant Royse told Plaintiff Albright that based upon the witness's statements and the surveillance video it was very clear that Albright acted in self-defense and/or defense of others. He told the Plaintiff, "This was justified." "There is no reason to charge you." "This is [self-defense]." "[Self-defense] is my recommendation." "You are [free] to leave."

26. Despite being told he had nothing to worry about and this was clearly an act of self-defense, he was absolutely shocked approximately two months later.

27. On September 24, 2015, after two minutes and nine seconds of testimony and questions, the Jefferson County Grand Jury delivered an indictment of Albright for the murder of Cameron Pearson and Assault in the First Degree of Kyle Pearson.

. . .

## COUNT 1
## MALICIOUS PROSECUTION
## AND/OR KRS 503.085(3)

32. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

33. Defendant Brian Royse wrongfully instituted, maintained, and/or continued proceedings in Jefferson County Circuit Court, Court of Appeals and Kentucky

Supreme Court against Plaintiff, falsely accusing Albright of murder and assault in the first degree.

34. The proceedings against the Plaintiff were terminated in favor of the Plaintiff on September 19, 2018. The ultimate determination was that he was immune from suit and he is [statutorily] allowed to recovery his attorney's fees[,] court costs, compensation for loss of income, and all expenses incurred by the defendant pursuant to KRS 503.085(3) as well as at common law for all compensatory damages for his malicious prosecution.

35. In interacting, investigating, instituting, maintaining, contributing to, and/or continuing the proceedings against the Plaintiff, Defendant [Royse] acted with malice and/or without probable cause or basis to believe Plaintiff had committed the acts complained of in the complaints alleged against him. In fact, Defendant [Royse] knew that Albright was acting in self-defense, or defense of others and was immune from suit. Defendant [Royse] told Plaintiff and others that is what he believed.

36. The events and acts of the Defendant [Royse] as set forth herein were a direct and proximate cause of injuries and damages to the Plaintiff, including injuries for emotional distress, anguish, embarrassment, humiliation, damage to reputation, physical pain and discomfort, loss of wages, impairment of power to earn money and/or front pay, and damages caused by having to defend against the above-described criminal complaint.

R. at 5-8.

The trial court determined Albright's claim failed because the complaint was devoid of any factual allegation that Royse testified before the grand jury or continued the criminal prosecution, and thus the first element, *i.e.*,

-10-

whether Royse initiated, continued, or procured a criminal or civil judicial proceeding against Albright, was not properly pleaded. *Martin*, 507 S.W.3d at 11-12. Albright points out that "'procuring' is synonymous with 'being the proximate and efficient cause of putting the law in motion against another person.'" *Id.* at 12. We cannot agree that because the complaint did not aver that Royse testified in front of the grand jury, the claim fails as a matter of law. "All that our procedure presently requires is that the Complaint set out facts <u>or</u> conclusions . . . sufficiently to *identify* the basis of the claim." *Nat. Resources and Environmental Protection Cabinet v. Williams*, 768 S.W.2d 47, 51 (Ky. 1989) (internal quotation marks and citation omitted); *see also Pierson Trapp Co. v. Peak*, 340 S.W.2d 456, 460 (Ky. 1960) ("It is immaterial whether the complaint states 'conclusions' or 'facts' as long as fair notice is given.").

Royse contends Albright's cause of action is simply a recitation of the elements of malicious prosecution. He directs us to *Ashcroft v. Iqbal*, in which the United States Supreme Court stated, "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted). The Kentucky Supreme Court has not adopted the more stringent, federal pleading standard. In fact, in *Russell*, the Court

explicitly rejected adoption of the federal standard. Having reviewed the record, we are confident the circuit court applied a stricter standard to Albright's pleading than it was permitted to do so as part of a motion to dismiss. "Kentucky Civil Rule (CR) 8.01(1) allows just the sort of pleadings [Albright] filed below." *Commonwealth ex rel. Brown v. Stars Interactive Holdings (IOM) Ltd.*, 617 S.W.3d 792, 810 (Ky. 2020).

This brings us to Albright's IIED claim. "To make out a claim of IIED, the following elements must be proved: (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe." *Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky. 1999). Albright's complaint alleged the required elements. Therefore, as with his malicious prosecution claim, we conclude the trial court erred in dismissing the claim for failure to state a claim. To this end, we note that no discovery has been taken. As such, the trial court was not aware of all the facts. It is entirely possible that the trial court's rationale might ultimately be correct. However, the proper time to evaluate the claim by that rationale is at the summary judgment stage after discovery, not as part of a motion to dismiss.

Finally, we turn to Albright's request for attorney's fees, compensation for loss of income, court costs, and all expenses incurred pursuant to KRS 503.085(3). Generally, "[a]ttorney fees are not permitted as costs in the absence of a statute or contract expressly providing for the payment of such fees." *Strohschein v. Crager*, 258 S.W.3d 25, 30-31 (Ky. App. 2007) (citing *Batson v. Clark*, 980 S.W.2d 566, 577 (Ky. App. 1998). KRS 503.085 provides in total:

> (1) A person who uses force as permitted in KRS 503.050, 503.055, 503.070, and 503.080 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom the force was used is a peace officer, as defined in KRS 446.010, who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law, or the person using force knew or reasonably should have known that the person was a peace officer. As used in this subsection, the term "criminal prosecution" includes arresting, detaining in custody, and charging or prosecuting the defendant.
>
> (2) A law enforcement agency may use standard procedures for investigating the use of force as described in subsection (1) of this section, but the agency may not arrest the person for using force unless it determines that there is probable cause that the force that was used was unlawful.
>
> (3) The court shall award reasonable attorney's fees, court costs, compensation for loss of income, and all expenses incurred by the defendant in defense of any civil action brought by a plaintiff, if the court finds that the defendant is immune from prosecution as provided in subsection (1) of this section.

"[S]tatutory interpretation is a question of law, our review is *de novo*; and the conclusions reached by the lower courts are entitled to no deference." *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011). "When engaging in statutory interpretation, it is imperative that we give the words of the statute their literal meaning and effectuate the intent of the legislature. We have repeatedly stated that we 'must not be guided by a single sentence of a statute but must look to the provisions of the whole statute and its object and policy.'" *Samons v. Kentucky Farm Bureau Mut. Ins. Co.*, 399 S.W.3d 425, 429 (Ky. 2013) (quoting *Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004)). "Generally, we presume that the legislature intended the statute 'to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes.'" *Kentucky Board of Medical Licensure v. Strauss*, 558 S.W.3d 443, 448 (Ky. 2018) (quoting *Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542 (Ky. 2011)).

Thus far, subsection (3) of KRS 503.085 has not been addressed. Albright argues this statute is contained within the penal code, and thus it does not stand to reason that the General Assembly would exclude recovery of criminal prosecutions in a statute contained within the penal code. However, as Royse and the circuit court point out, when viewing this statute as a whole, subsection (1) explicitly provides for criminal prosecutions and civil actions, and subsection (3) only provides for civil actions.

-14-

The General Assembly provided for immunity in "criminal prosecutions and civil actions" in section (1), however in section (3) explicitly referenced only the defense of "any civil action." When viewing the statute as a whole, we cannot ignore this omission. "[T]here is generally an inference that omissions are intentional. This rule is based on logic and common sense. It expresses the concept that when people say one thing they do not mean something else." *Fox*, 317 S.W.3d at 11. If the General Assembly intended Albright's reading, it might well have said "any action" or said exactly what it said in the preceding section, that is it might have said "any criminal prosecution or civil action." Rather, it said what it said. The language is not ambiguous. The trial court did not err in finding Albright cannot recover attorney's fees or court costs under KRS 503.085(3).

### III.   CONCLUSION

For the above reasons, we affirm in part as related to availability of attorney's fees and court costs under KRS 503.085(3), reverse in part as to the dismissal of the malicious prosecution and IIED claim pursuant to CR 12.02(f), and remand for additional proceedings not inconsistent with this Opinion.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Garry R. Adams
Abigail V. Lewis
Louisville, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEE:

Mike O'Connell
Jefferson County Attorney

Brendan R. Daugherty
Assistant Jefferson County Attorney
Louisville, Kentucky