RENDERED: FEBRUARY 9, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0419-MR

GREEN BAILEY                                         APPELLANT

v.            APPEAL FROM PERRY CIRCUIT COURT
HONORABLE ALISON C. WELLS, JUDGE
ACTION NO. 22-CI-00083

VERNON ENGLE; AND
JUDY ANN WELLS                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND KAREM, JUDGES.

ECKERLE, JUDGE: Appellant, Green Bailey ("Bailey"), appeals from a judgment of the Perry Circuit Court finding that Appellee, Vernon Engle ("Engle"), is the owner of a disputed tract of real property and rejecting his claim of adverse possession. We conclude that the Trial Court's findings of fact and conclusions of law on these issues are not clearly erroneous. Hence, we affirm.

This case involves a dispute over the ownership of a tract of land located on Slick Ford Road near Viper, Perry County, Kentucky. In 1987, Appellee, Judy Ann Wells ("Wells") and Bailey moved on to property owned by Kathleen Hall ("Hall") with her permission. Wells and Bailey were never married but lived together for 40 years. Upon moving onto the property, they began building a house, and over the years they added onto it as their family grew.

Wells and Bailey primarily used the upper portion of the property for their home. They accessed that portion of the property by a road across a lower portion of the property (now, "the disputed tract"). During the 1990s, they planted fruit trees and built a garage on the disputed tract. At some point, Wells and Bailey separated, and Bailey began living on the disputed tract. Bailey moved a camper on that tract. He also used the disputed tract to store junked cars and other equipment.

In 2007, Hall hired Wayne Davis ("Davis") to survey the property where the house was located. After conducting the survey, Davis created a description for a 1.03-acre upper tract including the house. He also surveyed and created an easement reflecting the existing road from Slick Ford Road through the disputed tract to the upper tract. Shortly thereafter, Hall conveyed the upper tract to Wells by a deed which included the easement through the disputed tract.

Hall died in 2013, and title to Hall's remaining property vested in her heirs, Derek Hall and Candice Hall. In 2020, Derek and Candice Hall issued a quitclaim deed conveying the remaining property, including the disputed tract, to Engle. The deed excluded the property previously conveyed and the gas rights to the property.

Thereafter, Engle met with Bailey to discuss his occupancy on the disputed tract. He also expressed his concerns to Bailey and Wells about cleaning up the debris and junk. He directly asked Bailey to remove the camper and the debris from the disputed tract. Because Bailey was claiming ownership of the property by adverse possession, Engle commissioned another survey of the disputed tract, which was conducted by Kenneth Johnson.

On March 10, 2022, Engle filed this action, seeking a permanent injunction against Wells and Bailey from trespassing on his property and requiring them to remove any personal property they have placed on the disputed tract. In her answer, Wells relied on the 2007 deed from Hall as to the upper tract. Bailey asserted that he held title to the disputed tract by adverse possession. Finally, Bailey asserted a counterclaim based upon Engle's interference with electricity to the disputed tract.

The matter proceeded to a bench trial in January 2023. At the close of Engle's case, Wells and Bailey moved for a directed verdict. The Trial Court

granted the directed verdict as to Wells based on the 2007 deed from Hall and the fact that she was not claiming ownership of the disputed tract or the personal property at issue. The Trial Court overruled the motion with respect to Bailey, concluding that Engle met his burden of proof of establishing his title to the disputed tract and Bailey's trespass.

Bailey testified that he met with Hall in the early 1990s and purchased the entire property for $1. However, he did not present a deed or any other evidence of ownership. Bailey also introduced tax bills for 2012, 2013, and 2014, and a Property Valuation Administration map showing the lines of the disputed tract. The Trial Court asked Bailey about the t-posts and white covers shown on the map. Bailey responded that he had placed the posts about three months prior to trial and placed the coverings about two weeks prior to trial.

On cross-examination, Engle introduced a copy of an Agreed Order in a separate eviction action against Bailey. The Agreed Order provided that Bailey would remove the junk cars and debris from the property within 60 days. The eviction action was ultimately dismissed due to the lack of a landlord-tenant relationship and Bailey's claim of adverse possession.

Bailey also introduced the testimony of Ricky Begley ("Begley"), who stated that he was present during the conversation between Hall and Bailey about acquiring the property. However, Begley believed that the conversation took

-4-

place before Bailey and Wells moved onto the property in 1987. In addition, he stated that the discussion only involved the portion of the property where the house was located and not the disputed tract. Finally, Bailey recalled Wells as a witness, who introduced pictures of the disputed tract at various times from about 2000 to 2003.

The Trial Court issued its Findings of Fact, Conclusions of Law, and Judgment on February 21, 2023. The Trial Court found that Engle and Wells are the owners of the tracts described in their respective deeds. The Trial Court further found that Bailey failed to establish a verbal agreement with Hall to acquire the disputed tract, and that his use of the disputed tract was with Hall's permission. Thus, the Trial Court concluded that his use of the disputed tract could not ripen into adverse possession.

Accordingly, the Trial Court adjudged Engle to be the owner of the disputed tract. The Court also enjoined Bailey from further trespass except to the extent it is necessary to remove his personal property within 60 days. The Trial Court dismissed the action against Wells. Bailey now appeals. Additional facts will be set forth below as necessary.

As this matter was tried before the Circuit Court without a jury, our review of factual determinations is under the clearly erroneous rule. CR[1] 52.01. A

---

[1] Kentucky Rules of Civil Procedure.

finding of fact is not clearly erroneous if it is supported by substantial evidence, which is "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). It is within the province of the Trial Court as the fact-finder to determine the credibility of the witnesses and the weight given to the evidence. *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008). This rule applies with equal force on an appeal from a judgment in an action involving a boundary dispute. *Croley v. Alsip*, 602 S.W.2d 418, 419 (Ky. 1980). We review the trial court's conclusions of law *de novo*. *Gosney v. Glenn*, 163 S.W.3d 894, 898 (Ky. App. 2005).

Bailey argues that the Trial Court erred by finding that he failed to meet his burden of proving adverse possession of the disputed tract. To prove the elements of adverse possession, Bailey's possession must have been hostile, under a claim of right, actual, exclusive, continuous, open, and notorious for a period of at least 15 years. *See Appalachian Regional Healthcare, Inc. v. Royal Crown Bottling Co., Inc.*, 824 S.W.2d 878, 879-80 (Ky. 1992). *See also Moore v. Stills*, 307 S.W.3d 71, 77 (Ky. 2010). These elements must be demonstrated by clear and convincing evidence. *Phillips v. Akers*, 103 S.W.3d 705, 709 (Ky. App. 2002).

Bailey primarily argues that the Trial Court erred in finding that his use of the disputed property was with Hall's permission. It is well-established that

permissive use of property is not hostile and can never ripen into adverse possession, no matter how long it continues. *Id.* at 708. In this case, Wells testified that the joint use of the property was with Hall's permission. Engle also testified regarding his conversations with Hall granting permissive use of the property to Wells and Bailey. He also related a separate conversation with Bailey's sons, who stated that Bailey never claimed ownership of the disputed tract. In light of this evidence, the Trial Court did not clearly err in finding that Bailey's use of the disputed property was permissive. This finding is fatal to Bailey's claim of adverse possession.

Bailey further argues that, even if his use of the disputed tract was initially permissive, that permission expired upon Hall's death in 2013. But by the same token, any period of adverse possession could only have commenced at that point. Since Engle asserted a claim of ownership over the disputed area no later than 2020, Bailey failed to establish an open, and notorious period of possession for at least 15 years.[2]

Bailey next claims that the Trial Court erred in finding that the Agreed Order in the eviction action had any bearing on his claim of ownership. He takes

---

[2] Bailey's use of the lower, disputed tract was open and obvious at the time Hall conveyed the upper tract and easement to Wells in 2007. However, Bailey does not claim that his use of the disputed tract became adverse at that point.

issue with the Trial Court's finding that the Agreed Order suggested he was not claiming ownership of the disputed property. Similarly, Bailey argues that the Trial Court erred in finding that the easement granted by Hall to Wells negates his ownership of the disputed property. Bailey also argues that the Trial Court erred in finding that he failed to produce evidence of tax bills issued on the disputed property in his name.

None of these issues are relevant to the Trial Court's finding that Bailey failed to prove adverse possession. While the Agreed Order alone is not controlling, it does tend to suggest that Bailey was not claiming ownership of the property in 2021. The creation of the easement in 2007 suggests that Hall understood she retained ownership of the disputed property at that time. Although the tax bills include Bailey's name and mention a mobile home, the bills do not clearly identify the property that Bailey is claiming. In any event, the occasional payment of taxes does not constitute an adverse holding sufficient to acquire title by adverse possession. *Noland v. Wise*, 259 S.W.2d 46, 48 (Ky. 1953). In addition, Bailey's attempts to establish a clear property line in 2023 were not sufficient to establish his adverse possession to the disputed tract for the requisite period.

Finally, Bailey asserts that the champerty doctrine precludes Engle from relying on the 2020 deed from Derek and Candice Hall. The champerty

statute, KRS[3] 372.070(1) precludes enforcement of a sale or conveyance of real property "of which any other person has adverse possession at the time of the sale or conveyance[.]" To render the conveyance champertous, and therefore void, there must be proof of adverse possession existing at the time of the conveyance. *Henninger v. Brewster*, 357 S.W.3d 920, 926 (Ky. App. 2012) (citing *Wells v. Wells*, 346 S.W.2d 33, 36 (Ky. 1961)). Since the Trial Court found that Bailey failed to prove adverse possession, the champerty doctrine clearly does not apply.

Accordingly, we affirm the judgment of the Perry Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John T. Aubrey
Mariah J. Aubrey
Manchester, Kentucky

BRIEF FOR APPELLEE VERNON ENGLE:

Frank C. Medaris, Jr.
Hazard, Kentucky

---

[3] Kentucky Revised Statutes.