**RONALD WATKINS, Appellant,**

v.

**Sgt. FANNIN, Appellees.**

**No. 2008–CA–000170–MR.**

Court of Appeals of Kentucky.

Feb. 27, 2009.

Ronald Watkins, Sandy Hook, KY, pro se.

Angela E. Cordery, Office of Legal Services, Frankfort, KY, for Appellee, Justice and Public Safety Cabinet.

Before ACREE and VANMETER, JUDGES; HENRY,[1] Senior Judge.

*OPINION AND ORDER*

ACREE, Judge.

Ronald Watkins appeals, *pro se,* from an order of the Elliott Circuit Court dismissing his petition for declaration of rights after he alleged that prison authorities violated his due process rights during a disciplinary hearing. Because Watkins failed to name an indispensable party, we dismiss this appeal.

**FACTS AND PROCEDURE**

Watkins, who is serving time in Little Sandy Correctional Complex (LSCC), was charged with violating a prison regulation after deliberately bumping a corrections officer with his shoulder as they were passing each other in opposite directions. In accordance with Department of Corrections (Department) regulations, LSCC personnel investigated the charge and conducted an adjustment hearing to assess the charge. The adjustment officer, Sgt. Marlo Fannin, determined that Watkins was guilty of the charged offense and proposed penalizing him by the loss of two years' non-restorable good time, plus 180 days in disciplinary segregation. Sgt. Fannin reported her conclusions to LSCC's warden, Gary Beckstrom. Watkins filed an appeal with Warden Beck-

strom, in writing, detailing his claim that the hearing violated his due process rights. After considering the appeal, Warden Beckstrom concurred with Sgt. Fannin's conclusions and signed the report, thereby forfeiting Watkins' good-time credit.

Watkins petitioned the Elliott Circuit Court for a declaration of rights, claiming he had been denied due process. He named Sgt. Fannin and Warden Beckstrom as respondents. An attorney with the Office of Legal Services of the Justice and Public Safety Cabinet (Cabinet) filed a response to Watkins' petition.[2] The circuit court found that Watkins had received all the due process protections to which he was entitled. The petition was dismissed and this appeal followed.

Watkins' brief urges reversal on grounds that the circuit court: (1) failed to consider the reliability of the evidence against him; (2) incorrectly determined that Watkins failed to exhaust his administrative remedies; and (3) did not consider his claim that he was denied the ability to present witnesses. These arguments lack merit. Ultimately, however, we cannot address any of them.

**APPELLATE JURISDICTION; NECESSARY AND INDISPENSABLE PARTIES**

■ "A notice of appeal, when filed, transfers jurisdiction of the case from the circuit court to the appellate court. It

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. The caption of the response identifies the respondents as "Patti Webb, et al." We take judicial notice that Patti Webb was, at all times relevant to this appeal, the warden of Green River Correctional Complex, not LSCC. We presume the attorney preparing the response used a response from a previous

action as a template for the response filed in this action, but failed to reconcile the respondents' identifications with those contained in Watkins' petition. The caption of the appellee's brief filed by the Cabinet with the Court of Appeals misidentified the Department of Corrections as appellee. We presume this occurred for the same reason the wrong respondent was named in the response to the petition in circuit court. We urge the Cabinet to pay closer attention to these details in the future.

places the named parties in the jurisdiction of the appellate court[.] Therefore, the notice of appeal transfer[s] jurisdiction to the Court of Appeals of only the named parties." *City of Devondale v. Stallings,* 795 S.W.2d 954, 957 (Ky.1990). This Court has no jurisdiction relative to persons not named as parties to the appeal.

When a circuit court renders judgment in favor of multiple parties, each of those parties becomes a potential appellee. The appellant is not required to name them all, but he is required to name each party that is "necessary" to adequate and proper appellate review and disposition. Our Supreme Court said, "a person is a necessary party if the person would be a necessary party for further proceedings in the circuit court if the judgment were reversed." *Kesler v. Shehan,* 934 S.W.2d 254, 257 (Ky.1996). Such persons are "regarded as indispensable[,]" because without them, disposition could prejudice the absent person "or those already parties[.]" Kentucky Rules of Civil Procedure (CR) 19.02; *West v. Goldstein,* 830 S.W.2d 379, 382 (Ky.1992)("The true meaning of 'all necessary parties,' [is] those persons whose interest would be divested by an adverse judgment."). A decision of this Court rendered in the absence of an indispensable party necessarily will be inadequate. *Liquor Outlet, LLC v. Alcoholic Beverage Control Board,* 141 S.W.3d 378, 387 (Ky.App.2004)(Such "absence prevents the Court from granting complete relief among those already parties[.]")(Internal citations and quotation marks omitted).

The circuit court rendered judgment in favor of Sgt. Fannin and Warden Beckstrom. Watkins could have named both as appellees but he did not. The caption of Watkins' notice of appeal identifies "Sgt. Fannin, et. al" as appellee. The body of the notice identifies the appellee as "Sgt Fannin, ex., al." When Watkins filed his brief, he again identified "Sgt. Fannin, et. al" as the appellee. Warden Beckstrom was not named as a party to the appeal.

Therefore, thirty days after the circuit court judgment was entered, the judgment became final and no longer appealable as to Warden Beckstrom. The question we must answer is whether the warden is a necessary and indispensable party to this appeal. If we answer the question in the affirmative, consideration of the merits of the appeal would be inappropriate because we would lack jurisdiction. Dismissal of the appeal would be the only appropriate action. *Id.; Slone v. Casey,* 194 S.W.3d 336, 337 (Ky.App.2006)("It is well-established that failure to name an indispensable party in the notice of appeal results in dismissal of the appeal.").

Having examined the statutes, regulations, and the properly adopted policies of the Department of Corrections, as well as the relief Watkins seeks, we conclude that Warden Beckstrom is a necessary and indispensable party to this appeal. In his absence, this Court is without jurisdiction to address the merits, and the case must be dismissed.

## AUTHORITY TO GRANT AND FORFEIT "GOOD–TIME" CREDIT; MAINTENANCE OF PRISON DISCIPLINE

The Kentucky Legislature delegated to the Department the discretionary authority to award "good-time" credit to reduce a prisoner's sentence. Pursuant to Kentucky Revised Statutes (KRS) 197.045(1), a prisoner "may receive a credit on his sentence ... *to be determined by the department* from the conduct of the prisoner." KRS 197.045(1)(emphasis supplied). Conversely, "*[t]he department* may forfeit any good time previously earned by the prisoner or deny the prisoner the right to earn good time in any amount if during the

term of imprisonment, a prisoner commits any offense or violates the rules of the institution." Id.(emphasis supplied); *see also* KRS 197.047(9)(to similar effect for good-time credit earned by prisoner from work on governmental services program-related project).

The Legislature also authorized the promulgation of "administrative regulations for the government and discipline of the penitentiary . . . and for the government of the prisoners in their deportment and conduct[.]" KRS 197.020(1)(a). Presumably recognizing that prisoner discipline is best conducted at the individual prisons, the Legislature also granted the Secretary of the Justice and Public Safety Cabinet, which oversees the Department, authority to "delegate to any person appointed the power and authority as he or she deems reasonable and proper for the effective administration of the cabinet." KRS 196.035.

The bulk of the power and authority in the area of prisoner discipline has been properly delegated to the wardens of the various penal institutions of Kentucky. Among the many Kentucky Corrections Policies and Procedures (KCPP) developed and adopted as law to govern prison administration is KCPP 15.6, entitled "Adjustment Procedures and Programs," made law by its incorporation by reference in 501 Kentucky Administrative Regulations (KAR) 6:020.[3] This policy describes the breadth of and limitations upon the authority granted to the wardens in adjusting, or forfeiting, the good time credit earned by a prisoner when he is accused of violating a prison rule.

Pursuant to Section II of KCPP 15.6, every "alleged violation of [LSCC] rules and regulations shall be fairly processed."

Section II(C)(1)(a) requires a prison employee with personal knowledge of an alleged violation to prepare a disciplinary report of the incident. The report is submitted to a shift supervisor for review. KCPP 15.6 Section II(C)(3). The shift supervisor reviews the report for compliance with the reporting policy and signs it. KCPP 15.6 Section II(C)(4)(a). A supervisor not involved in the incident then begins an investigation of the allegations in the disciplinary report. KCPP 15.6 Section II(C)(4)(b).

The disciplinary report is presented to an adjustment officer; copies of the report and all documentary evidence, including written statements, are simultaneously given to the prisoner. KCPP 15.6 Section II(C)(4)(b)(3)(a)-(c).

Section II(D) requires the adjustment officer to conduct a hearing after which she prepares a written record of the proceedings, including a statement of the discipline to be imposed. A copy is provided to the prisoner.

The disciplinary report is then "routed to the Warden or his designee for his signature" for "administrative . . . review[.]" KCPP 15.6 Section II(E) and (F)(6). However, the prisoner also has the right to appeal the disciplinary report to the warden who will then undertake an "appellate review" of the prisoner's case. KCPP 15.6 Section II(F)(1) and (6). The warden has the authority to:

a. order a rehearing because of procedural errors, substantive errors, or other appropriate reasons;

b. reduce the penalty[;]

c. suspend the penalty for a period of time not to exceed six (6) months[;]

**3.** KCPP 15.6 may be viewed on the Kentucky Department of Corrections website, http://www.corrections.ky.gov/about/chapter15.htm, under "Chapter 15 Inmate Rules and Discipline, 15.6, Adjustment Procedures and Programs."

d. void the disciplinary report in its entirety[;]

e. reduce the category of violations[;]

f. remand the charge for a new hearing before a different Adjustment Committee or Adjustment Officer.

KCPP 15.6 Section II(F)(5); *see also* KCPP 15.6 Section II(F)(6)(prohibiting the warden from increasing the discipline).

■ There is no right to appeal the warden's decision.[4] KCPP 15.6 Section II(F)(7). Consequently, to obtain judicial review of an adjustment hearing, prisoners petition the appropriate circuit court for a declaration of rights. *See Polsgrove v. Kentucky Bureau of Corrections*, 559 S.W.2d 736, 737 (Ky.1977)("the declaratory relief sought by [a prisoner against the Department of Corrections] in the Franklin Circuit Court was appropriate"); *see also, Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky.App.1997)("A petition for declaratory judgment ... has become the vehicle, whenever Habeas Corpus proceedings are inappropriate, whereby inmates may seek review of their disputes with the Corrections Department").

■ To summarize, the Legislature authorized the Secretary of the Justice and Public Safety Cabinet, in overseeing the Department of Corrections, to regulate, to reward, and to punish prisoner conduct. The Secretary, without ceding or relinquishing that authority, properly delegated much of it to the wardens who, under properly adopted policies, have final say in the forfeiture of good-time credit. The roles of the prison employee who reports the incident, the supervisor who reviews the report, the supervisor who investigates the report, and the adjustment officer who completes the report, are merely preliminary to the wardens' exercise of final authority delegated to him by the Secretary.

## WATKINS' PETITION AND APPEAL

Watkins' petition to the Elliott Circuit Court sought an order to "restor[e] the lost good-time (two years non-restorable) and void/expunge the conviction from the Petitioner's files[.]"[5] The only entities with the authority to restore good-time credit or expunge Watkins' prison record are the Department of Corrections and Warden Beckstrom. Watkins' petition named Warden Beckstrom, but not the Department of Corrections.[6] If the circuit court had found merit in Watkins' petition, it could have ordered Warden Beckstrom to restore Watkins' good-time credit and expunge his record in accordance with the authority delegated to the warden.

However, other than Watkins, the only party before this Court is the adjustment officer, Sgt. Fannin. Sgt. Fannin never had the authority to forfeit or restore Watkins' good-time credit. In fact, without the signature of Warden Beckstrom, Sgt. Fannin's efforts (as well as that of the

---

**4.** The adjustment hearing is an administrative hearing exempt from application of KRS Chapter 13B, KRS 13B.020(3)(c)2.b., and therefore not subject to judicial review pursuant to KRS 13B.140. "The right to appeal the decision of an administrative agency to a court is a matter of legislative grace[.]" *Hutchins v. General Electric Company*, 190 S.W.3d 333, 336–37 (Ky.2006).

**5.** We need not address whether the award of "good-time" credit is a right. For the purpose of our analysis, we presume it.

**6.** If Watkins had named the Department of Corrections in his petition and also in his notice of appeal, we could have proceeded to the merits because the Department remains vested with the authority over the award and forfeiture of good-time credit. However, Watkins did not name the Department in any document filed either with the circuit court or with this Court.

other personnel who participated in processing the violation allegation) have no effect on Watkins.

## LACK OF JURISDICTION

■ This Court is without jurisdiction to grant Watkins any relief because he failed to name anyone other than "Sgt. Fannin, et al" as a party to the appeal in either the caption or the body of his notice of appeal. Kentucky Rule of Civil Procedure (CR) 73.03(1) requires a notice of appeal to "specify by name all appellants and all appellees" and specifically notes that "et al." is not a "proper designation of parties[.]" While *pro se* litigants are sometimes held to less stringent standards than lawyers in drafting formal pleadings, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of Civil Procedure.

■ Finally, we note as irrelevant the fact that the Cabinet, which defended this appeal, has not raised this issue; an appellate court may not acquire jurisdiction through waiver. *Wilson v. Russell,* 162 S.W.3d 911, 913 (Ky.2005).

This appeal is hereby dismissed for failure to name an indispensible party.

ALL CONCUR.