RENDERED: JULY 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1467-MR

GARY MAYFIELD                                APPELLANT

v.        APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 20-CI-00309

JESSIE FERGUSON, WARDEN                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KRAMER, AND L. THOMPSON, JUDGES.

COMBS, JUDGE: This appeal arises out of a prison disciplinary action.

Appellant, Gary Mayfield (Mayfield), an inmate at the Roederer Correctional

Complex (RCC), appeals from an order of the Franklin Circuit Court dismissing

his petition for declaration of rights. After our review, we affirm.

In July 2019, Mayfield was transferred to RCC. According to the

Kentucky Department of Corrections (DOC) Disciplinary Report Form Part I -

Investigation, on October 3, 2019, "Sgt[.] Bond and Lt.[.] Gound inspected inmate Gary Mayfield['s] . . . tv. Inmate Mayfield's tv was found to have been altered by having the ground pulled out of the eclectrical [sic] plug, causing the tv to be unsafe." The report further reflects that Curtis Sherley, the investigating officer, spoke to Mayfield, who explained how the plug on his television set had been broken:

> It happened at Little Sandy when my locker was pushed back. From there I was transferred to Green River and they allowed it. Then from there I was transferred to here at Roederer where Sgt. Bond plugged it in and said it was ok. This is something that happened a long time ago and has never been an issue but if it had been I would have fixed it when it happened.

An entry on the reverse side of the report dated November 13, 2019, reflects that Mayfield received a copy of the report, that he had been advised of his right to call witnesses and to have an inmate legal aid or staff present at the hearing, and that he waived 24-hour notice.

The hearing was conducted on November 15, 2019. The DOC Disciplinary Report Form Part II – Hearing/Appeal reflects as follows:

> Inmate Mayfield states on audio recording that his due process rights were adhered to. Legal Aid Robert Smith . . . was present. Based on the report which states that inmate Mayfield was found to have been in possession of a television in which the ground prong had been broken off, along with camera footage supporting the report, he is found guilty of the Cat: 5-01, destruction of property in excess of $100. Penalty imposed shall be

15 days disciplinary segregation and 60 days GTL [Good Time Loss] suspended for 60 days.

Mayfield appealed the Adjustment Committee's decision to the Warden. By a decision rendered on December 2, 2019, the Warden denied Mayfield's appeal, determining that "[t]he due process requirements appear to be in order. The evidence is sufficient in order to establish a finding of guilt. The Adjustment Committee's decision will stand."

On June 8, 2020, Mayfield filed a petition for declaratory judgment pursuant to KRS[1] 418.040 in Franklin Circuit Court. Named as Respondents were: Jessie Ferguson, Warden; Lt. Christopher Wright, Adjustment Officer; and RCC. On July 21, 2020, the Respondents filed a motion to dismiss pursuant to CR[2] 12.02. By an order entered on September 9, 2020, the circuit court granted their motion as follows in relevant part:

> [Mayfield] challenges the disciplinary action by pursuing this action. He alleges that violations of Correctional Policies and Procedures ("CPP") amount to deprivation of due process. Specifically, he argues that CPP 9.8 requires that facility staff ensure that transferred property is allowed at an institution and that various institutions allowed the transfer of the television, and also argues that his television was disposed of without him having an opportunity to send the television home or out for repairs per CPP 17.1.

---

[1] Kentucky Revised Statute.

[2] Kentucky Rule of Civil Procedure.

Before the Court is Respondents' Motion to Dismiss. Respondents argue that whether or not CPP has been followed is not the basis for determining whether a due process violation has occurred. Rather, Respondents state that inmate disciplinary proceedings require minimum due process, and that this balancing analysis is provided by case law rather than through the CPP.

. . .

Prison disciplinary proceedings require a less stringent standard of due process. In short, for due process to be met in a prison disciplinary proceeding, three requirements must be met: first, the inmate must have received advance written notice of the charges against him; second, the inmate must have been presented with an opportunity to call witnesses and present documentary evidence; and third, the inmate must receive a written statement from the fact-finder of the evidence relied upon and the reasons for disciplinary action. *Superintendent Mass. Correctional Institution, Walpole, v. Hill*, 472 U.S. 445, 454 (1985). And . . . there must have been "some evidence" to support the findings of the disciplinary body, meaning . . . "any evidence in the disciplinary record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

The circuit court found that Mayfield had received due process and

that some evidence existed to support the findings as required by *Hill*. The court

explained that Mayfield received advance written notice of the charges against him

in the form of his write-up; that he had an opportunity to call witnesses -- even

though he did not do so; and that he received a copy of a written statement of the

evidence relied upon and the reasons for the disciplinary action. Mayfield "did not

-4-

dispute that he possessed the television with the missing ground prong, and explained how the damage occurred.  And, camera footage was considered that showed the damaged plug."

Mayfield appeals.[3]  He contends that he was denied fundamental fairness in violation of the Fourteenth Amendment to the United States Constitution and Section 17 of the Kentucky Constitution by receiving a disciplinary action for having a missing ground plug on his television.  Mayfield cites *Ramirez v. Nietzel*, 424 S.W.3d 911, 917 (Ky. 2014), for the proposition that:

> [A]ny examination for due process must amount to more than a glance.  Looking deeper here, the mechanism through which "some evidence" may ultimately have been presented against Ramirez was fundamentally flawed.  Relying on the existence of "some evidence" to indicate due process is satisfied becomes a fallacy if the evidence was produced in a constitutionally deficient proceeding.

*Ramirez*[4] is not relevant to this case because we have found no constitutional deficiency.  We agree with the circuit court that Mayfield received due process and

---

[3] We note that the only Appellee Mayfield named in his notice of appeal is Jessie Ferguson, Warden. That naming is sufficient because the Warden is the indispensable party here. *Watkins v. Fannin*, 278 S.W.3d 637, 640 (Ky. App. 2009); *see Ford v. Frailley*, No. 2007-CA-002323-MR, 2009 WL 484996 (Ky. App. Feb. 27, 2009) (role of adjustment officer merely preliminary to the wardens' exercise of final authority).

[4] *Ramirez* is readily distinguishable on its facts.  There, the adjustment officer denied the inmate's request for a particular witness without sufficient explanation and refused to review security camera footage of the incident.

that some evidence existed to support the findings as required by *Hill*, 472 U.S.

445. Therefore, we adopt the court's sound analysis as if it were our own.

We AFFIRM the of the Franklin Circuit Court.


ALL CONCUR.




BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

Gary Mayfield, *pro se*          Angela T. Dunham
Central City, Kentucky          Frankfort, Kentucky