RENDERED: APRIL 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0418-MR

ISAIAH TYLER                                                                    APPELLANT

v.

APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 18-CI-00253

DAX WOMACK AND WOMACK
LAW OFFICE, LLC                                                              APPELLEES

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Isaiah Tyler, *pro se*, appeals from an order entered March 3,

2020, by the Henderson Circuit Court granting summary judgment to Dax

Womack regarding Tyler's claims of legal malpractice and fraud against Womack.

For the reasons stated herein, we strike Tyler's brief and dismiss the appeal.

BACKGROUND

Following a jury trial in 2014, in the Henderson Circuit Court, Tyler was convicted of complicity to first-degree robbery and of being a second-degree persistent felony offender. The jury recommended a sentence of forty years' imprisonment, which the trial court imposed. Tyler appealed the conviction to the Kentucky Supreme Court. After an opinion was rendered on June 16, 2016, affirming his conviction, Tyler hired Womack for the sole purpose of filing a petition for rehearing (PFR) in the Kentucky Supreme Court. The parties executed two documents: a contract of employment for Womack's services and a bond assignment. Pursuant to the documents, Womack was to receive the $20,000.00 bond assignment for his representation of Tyler for the purpose of filing the PFR.[1] Womack then entered his appearance and filed the PFR. By order entered December 15, 2016, the PFR was denied. The Kentucky Supreme Court Opinion affirming Tyler's conviction became final. *Tyler v. Commonwealth*, No. 2015-SC-000064-MR, 2016 WL 3370931 (Ky. Jun. 16, 2016).

Thereafter, Tyler, *pro se*, filed in the circuit court a motion to vacate, set aside, or correct the judgment and sentence pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 and Kentucky Rules of Civil Procedure

---

[1] Isaiah Tyler remained on bond pending his appeal in the Kentucky Supreme Court, but continued to commit crimes, resulting in revocation of his bond.

(CR) 60.02. The circuit court denied the motions, and this Court affirmed on appeal by Opinion rendered on August 23, 2019. *Tyler v. Commonwealth*, No. 2017-CA-001228-MR, 2019 WL 3990995 (Ky. App. Aug. 23, 2019). Tyler then filed a second CR 60.02 motion, which was denied as successive by the circuit court and affirmed by this Court on appeal. *Tyler v. Commonwealth*, No. 2018-CA-001788-MR, 2019 WL 4732515 (Ky. App. Sept. 27, 2019).

On March 30, 2020, Tyler filed a petition for declaration of rights in the Franklin Circuit Court against the Department of Corrections (DOC). Therein, he alleged that he had been improperly classified as a violent offender by the DOC. By order entered July 10, 2020, the circuit court dismissed his complaint. This Court affirmed the Franklin Circuit Court by Opinion rendered May 21, 2021. *Tyler v. Department of Corrections*, No. 2020-CA-1158-MR, 2021 WL 2021832 (Ky. App. May 21, 2021).

As concerns the genesis of this appeal, on May 18, 2018, Tyler filed a civil complaint in the Henderson Circuit Court against Womack alleging legal malpractice and seeking return of the $20,000 bond assignment as well as $250,000 for "mental anguish and suffering." He was later permitted to amend his complaint to also include fraud as a cause of action. After discovery was completed, Womack filed a motion for summary judgment which was granted by the circuit court by order entered March 3, 2020. This appeal followed.

ANALYSIS

We begin by noting that Tyler has been previously warned by this Court in our Opinion rendered in 2019, regarding his failure to submit his appellate brief in compliance with applicable appellate rules as set out in the rules of civil procedure. Although not penalized at that time, this Court stated,

> [w]e begin by commenting on the proper structure of an appellate brief and the importance of preservation. CR 76.12(4)(c)(v) requires each argument in the brief for appellant to begin with a statement of preservation referencing "the record showing whether the issue was properly preserved for review and, if so, in what manner." The same rule also requires each argument to contain 'ample supportive references to the record and citations of authority pertinent to each issue of law[.]' *Id.* Tyler's brief contains no statement of preservation for any issue raised.
>
> "While *pro se* litigants are sometimes held to less stringent standards than lawyers in drafting formal pleadings, *see Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of Civil Procedure." *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009). . . .

*Tyler*, 2019 WL 3990995, at *2.

In the instant appeal, Tyler's brief similarly lacks preservation statements for any argument presented. He also cites to the record just once in his brief, also in contravention of CR 76.12(4)(c)(v), which requires "ample supportive references to the record[.]" Compliance with CR 76.12(4)(c)(v) is a substantial

-4-

requirement of appellate practice in Kentucky. *Elwell v. Stone*, 799 S.W.2d 46, 47

(Ky. App. 1990). And, it is not this Court's duty to scour the record on appeal to

ensure that issues have been properly preserved for our review. *Koester v.

Koester*, 569 S.W.3d 412, 414-15 (Ky. App. 2019). Further,

> [i]t is fundamental that it is an [a]ppellant's duty and
> obligation to provide citations to the record regarding the
> location of the evidence and testimony upon which he
> relies to support his position, and if an appellant fails to
> do so, we will accordingly not address it on the merits.

*Commonwealth v. Roth*, 567 S.W.3d 591, 594 (Ky. 2019) (internal quotation marks

and footnote omitted).

Tyler's brief is also deficient in other ways. CR 76.12(4)(c)(vii)

requires, in relevant part,

> [a]n "APPENDIX" with appropriate extruding tabs
> containing copies of the findings of fact, conclusions of
> law, and judgment of the trial court, any written opinions
> filed by the trial court in support of the judgment, the
> opinion or opinions of the court from which the appeal is
> taken, and any pleadings or exhibits to which ready
> reference may be considered by the appellant as helpful
> to the appellate court. The first item of the appendix
> shall be a listing or index of all documents included in
> the appendix. The index shall set forth where the
> documents may be found in the record. The appellant
> shall place the judgment, opinion, or order under review
> immediately after the appendix list so that it is most
> readily available to the court. Except for matters of
> which the appellate court may take judicial notice,
> materials and documents not included in the record shall
> not be introduced or used as exhibits in support of briefs.

In contravention of the rule, Tyler failed to include the circuit court's order granting summary judgment in his appendix. Tyler's appendix also contains documents not found in the record before us (*e.g.*, documents labeled as motions to withdraw that were allegedly filed by Womack in various cases in the Henderson District and Circuit Courts).[2]

The rules of appellate procedure are "critical" to effective appellate review and substantial compliance is mandatory. *Oakley v. Oakley*, 391 S.W.3d 377, 380-81 (Ky. App. 2012). Tyler has been warned by this Court previously to comply with appellate rules and procedures or face possible penalties. This Court has three options when a party fails to follow the mandates of CR 76.12: ignore the deficiency, strike the brief in whole or in part, or review only for manifest injustice. *Ford v. Commonwealth,* 628 S.W.3d 147, 155 (Ky. 2021);[3] *see also* CR 76.12(8)(a) which states that this Court may strike a brief "for failure to comply

---

[2] We also note that Tyler failed to file a designation of record pursuant to Kentucky Rules of Civil Procedure 75.01. It is unclear from the record before us if the circuit court heard oral arguments related to the motion for summary judgment; however, we note that numerous transportation orders appear in the record requiring the Department of Corrections to transport Tyler to the circuit court. The certification of record on appeal indicates that there are no video or CD/DVD recordings in the record. *If* any hearings occurred, they are not in the record before us and Tyler does not cite to them.

[3] The manifest-injustice standard of review is reserved only for errors in appellate briefing related to the statement of preservation; if a party fails to inform the appellate court of where in the record his issue is preserved, the appellate court can treat that issue as unpreserved. *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021).

with any substantial requirement of this Rule 76.12." If a brief is stricken, the appeal can be dismissed. *Roth*, 567 S.W.3d at 596.

Accordingly, for the reasons stated herein, including a previous warning, appellant's brief is stricken for substantial noncompliance with applicable appellate rules and the appeal is DISMISSED.

ALL CONCUR.


ENTERED:_____                    _____
                                              JUDGE, COURT OF APPEALS



BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEES:

Isaiah Tyler, *pro se*                        Zack N. Womack
West Liberty, Kentucky                   Henderson, Kentucky