RENDERED: NOVEMBER 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1433-MR

JUSTIN GIBBS, AKA
JUSTIN N. GIBBS                                                    APPELLANT

APPEAL FROM WOLFE CIRCUIT COURT
v.        HONORABLE LISA HAYDEN WHISMAN, JUDGE
ACTION NO. 23-CI-00041

FIFTH THIRD BANK, NA                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND A. JONES, JUDGES.

CETRULO, JUDGE: Justin Gibbs ("Gibbs") appeals the November 6, 2023 Order

of the Wolfe Circuit Court granting summary judgment for Fifth Third Bank, NA

("Fifth Third"). We affirm because (I) there was no genuine issue of material fact,

thus, the circuit court properly granted summary judgment; and (II) Fifth Third

followed the notice procedures required by the civil rules, and Gibbs did not

properly preserve this issue.

# BACKGROUND

On April 21, 2023, Fifth Third filed a complaint against Gibbs for $17,762.08 in unpaid credit card debt. On May 15, 2023, Gibbs, *pro se*, filed an answer, which he wrote on a preprinted form that required him to fill in the blanks to match his case. In the first written sentence of his answer, Gibbs stated, "I acknowledge the account."

On June 9, 2023, Fifth Third sent discovery to Gibbs. His responses yielded little information, but Gibbs did give basic identification information and stated that he had lived at an address in Campton, Kentucky since 2017. He also included a letter he wrote to Fifth Third with his discovery responses. In the letter, Gibbs stated "this balance was accrued many years ago, and through many years of timely payments, the balance never decreased." Gibbs went on to write about his personal financial circumstances, difficulties he faced during the COVID-19 pandemic, debts he settled with other banks, and finally asked that Fifth Third "charge [his] credit card accounts off as profit/loss bad debt and dismiss this civil action" against him.

On August 23, 2023, Fifth Third filed a motion for summary judgment and requested a hearing date of October 2. Attached to the motion and accompanying memorandum were Exhibit A – a copy of the account's terms and conditions; and Exhibit B – billing statements from the account dating from

November 2020 through January 2023. The statements show that the last payment on the account occurred during the May to June 2022 statement period. Contrary to Gibbs's statement that the "balance was accrued many years ago," the May to June 2022 statement period also shows the final purchases made on the account in the amount of $852.50. Fifth Third mailed notice of the October summary judgment hearing to Gibbs's Campton address. Gibbs never filed a written response to Fifth Third's motion.

Gibbs appeared at the October summary judgment hearing, but Fifth Third was unable to appear by video conference due to technical issues. The circuit court denied Fifth Third's summary judgment motion because it failed to appear. Gibbs attempted to make an oral motion to dismiss the claim against him, but the court denied his request because Gibbs acknowledged the account and the debt in his responses to Fifth Third. The circuit court then recommended that Gibbs continue his attempts to settle the claim with Fifth Third and confirmed that Gibbs was receiving notice of the pleadings.

October 4, 2023, two days after the October summary judgment hearing, Fifth Third filed a "re-notice of hearing" on the motion for summary judgment, and the hearing was set for November 6. This time, Fifth Third certified to the court that it sent the re-notice to Gibbs at an address in Paris, Kentucky, not the previously used Campton address. According to Fifth Third's brief to this

Court, Fifth Third obtained the new address "upon an updated address scrub[.]" Additionally, Fifth Third claims that "[t]he re-notice was not returned nor did Fifth Third learn that the re-notice did not reach Gibbs." Gibbs did not appear at the November hearing. In Gibbs's absence, the circuit court granted summary judgment in Fifth Third's favor. Next, Gibbs, still *pro se*, appealed to this Court.

## STANDARD OF REVIEW

Summary judgments are proper when "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure ("CR") 56.03. An appellate court construes the record "in a light most favorable" to the nonmoving party. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citation omitted). We apply a *de novo* review to this inquiry. *Smith v. Bear, Inc.*, 419 S.W.3d 49, 56 (Ky. App. 2013) (citation omitted).

However, as a preliminary matter, Gibbs did not raise his appellate arguments before the circuit court, and thus, they are not preserved for our review. "Under our preservation rules, this Court will not consider issues neither raised in nor decided by the trial court below." *Swyers v. Allen Fam. P'ship #1, LLC*, 694 S.W.3d 257, 264 (Ky. 2024) (citing *Jackson v. Est. of Day*, 595 S.W.3d 117, 126

(Ky. 2020)).  We are "without authority to review issues not raised in or decided by the trial court." *Id.*

Further, Fifth Third argues that Gibbs failed to comply with the rules of appellate procedure and requests we strike Gibbs's brief.  Conversely, Gibbs asks us for leniency due to his *pro se* status.  We acknowledge that "a degree of lenity is afforded *pro se* litigants and they are not strictly held to the same standard as legal counsel[.]" *Smith*, 419 S.W.3d at 55 (citing *Beecham v. Commonwealth*, 657 S.W.2d 234, 236 (Ky. 1983).  Still, we cannot afford *pro se* parties unlimited leniency, and "[p]roceeding *pro se* does not provide one with a license not to comply with relevant rules of procedural and substantive law." *Id.* (internal quotation marks and citation omitted).  "[O]ne who undertakes self-representation assumes the dangers and disadvantages thereof." *Id.* (internal quotation marks and citation omitted).  Additionally, "*pro se* litigants are still required to preserve error." *Givens v. Commonwealth*, 359 S.W.3d 454, 463 (Ky. App. 2011) (citing *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009) ("Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of Civil Procedure.")).  We have elected not to strike the brief of Gibbs, but our review is certainly limited by his failure to preserve the alleged errors he now argues.

Yet, to provide closure, we will review for palpable error.  *See* CR 61.02.

A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

*Id*. Palpable errors are "clear or plain under current law." *Lainhart v. Commonwealth*, 534 S.W.3d 234, 237 (Ky. App. 2017) (citation omitted). An error affects a party's substantial rights "only if it is more likely than ordinary error to have affected the judgment." *Id*. Accordingly, we assess whether "there is a 'substantial possibility' that the result in the case would have been different without the error." *Id*. (quoting *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006)). We find no substantial possibility that the result in this case would be different even if there were preserved errors.

## ANALYSIS

Gibbs argues that the circuit court erred by granting summary judgment in Fifth Third's favor because (I) genuine issues of material fact still existed; and (II) he had insufficient notice of the November hearing.[1]

---

[1] Gibbs also argues (1) that Fifth Third was required to arbitrate its action against him; and (2) that the circuit court erred when it denied the oral motion for summary judgment he made on October 2, 2023. The record does not clearly indicate that Gibbs properly preserved any of these arguments, and the arguments rely on Gibbs's own misunderstanding of the terms and conditions of his credit card account and the civil rules of procedure. Accordingly, such arguments lack any merit, and we do not address them any further.

-6-

**I.** **The Circuit Court Properly Granted Summary Judgment for Fifth Third Because There Was No Genuine Issue of Material Fact**.

Gibbs's briefs fail to cite where in the record any genuine issues exist. Rather, his argument is based primarily on his own denial of any contractual relationship between himself and Fifth Third and his insistence that Fifth Third should have negotiated the amount owed with him. Additionally, he contends that the circuit court's grant of summary judgment deprived him of his right to trial. Conversely, Fifth Third contends that summary judgment was appropriate because Gibbs admitted he owed the outstanding debt on the credit card account.

"Designed to be narrow and exacting so as to preserve one's right to trial by jury, summary judgment is nevertheless appropriate in cases where the nonmoving party relies on little more than 'speculation and supposition' to support his claims." *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 201 (Ky. 2010) (quoting *O'Bryan v. Cave,* 202 S.W.3d 585, 588 (Ky. 2006)). The party opposing summary judgment cannot merely rely on its "subjective beliefs about the nature of the evidence[.]" *Haugh v. City of Louisville*, 242 S.W.3d 683, 686 (Ky. App. 2007) (citing *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990)). The party opposing summary judgment must "make some showing to offset the impact of the matters presented in support of the motion." *Hartford Ins.*

*Grp. v. Citizens Fidelity Bank & Tr. Co.*, 579 S.W.2d 628, 631 (Ky. App. 1979) (citation omitted).

Gibbs made no such showing below. Rather, in both his initial answer and discovery responses, he admitted to owing the credit card account and debt. He only argued that there was some obligation to compromise the debt, which is simply not true. Also, Fifth Third entered into the record a letter Gibbs wrote to the bank in which he admitted that "this balance was accrued many years ago, and through many years of timely payments, the balance never decreased." Further, the account billing statements that Fifth Third attached to its written motion for summary judgment showed the existence of the credit card account, its charges, and when payments ceased. Gibbs never made a response, written or otherwise, that contradicted the existence of the credit card account or his failure to make timely payments. He appeared at the October hearing and admitted that he received service of the motion for summary judgment filed by Fifth Third. Still, he did not file any written response to that motion, and his unsupported assertions cannot rebut the evidence submitted by Fifth Third and his own admissions.

Even viewing the record in the light most favorable to Gibbs, the record does not evince a genuine issue of material fact. Accordingly, the circuit court did not err in granting Fifth Third's motion for summary judgment.

## II. Fifth Third Complied With Notice Procedures, And Gibbs Failed To Raise His Insufficient Notice Assertion With the Circuit Court.

Gibbs argues that Fifth Third sent notice of the November hearing to the wrong address. As a result, he claims he did not receive the required notice of the filing. Conversely, Fifth Third argues that it complied with the civil rules because it obtained the new address via an "updated address scrub," and it was not aware, nor did it have reason to know, that Gibbs did not receive the notice.

CR 56.03 requires the moving party to serve its motion on the adverse party "at least 10 days before the time fixed for the hearing." CR 5.01 requires that "every written motion . . . and every written notice . . . be served upon each party except those in default for failure to appear." Further, CR 5.02(1) states that service "is complete upon mailing unless the serving party learns or has reason to know that it did not reach the person to be served." CR 5.02(1).

"Before 2014, service was complete under CR 5.02 upon mailing a copy of the document to the party or counsel at his or her last known address[,] . . . [and] [i]t was irrelevant whether the party actually received the copy so long as it was mailed." *W.R.G. v. K.C.*, 673 S.W.3d 81, 85 (Ky. App. 2023) (citations omitted). Our Supreme Court ordered amendment of CR 5.02 in 2013 and added the caveat that if "the serving party learns or has reason to know that it did not reach the person to be served[,]" then service is not complete. *Id*.

Here, Gibbs asserts that Fifth Third had reason to know that he did not receive the hearing re-notice because, up until that point, it had been sending all correspondence to him at his Campton address. Fifth Third counters that, due to an automated address scrub performed within its normal course of business, it had reason to believe that Gibbs now resided in Paris, Kentucky. Further, Fifth Third contends that the re-notice was not returned as undeliverable, nor did anything else occur that would lead Fifth Third to believe that Gibbs did not receive the notice. Fifth Third points out that the re-notice was filed of record and easily accessible through the Clerk's office. It does not appear that the motion itself changed from what Fifth Third had filed before the prior hearing date when Gibbs did appear. While the better practice would have been to use the former address as well, there is no requirement that the bank must do so, when it had reason to believe the new address was valid.

In *W.R.G.*, we did vacate an adoption granted without consent of the father where both the trial court and counsel for the petitioner knew that the father had not been properly served. *Id*. at 86-87. In that parental rights case, "the court noted that all mail, including the trial order, sent to [the] Father had been returned as undeliverable[,] . . . [but] [t]he circuit court granted the adoption" nonetheless. *Id*. at 83. However, in every case we have reviewed where service of process is questioned, at least one of two defects existed: (i) the record reflected either the

adverse party or the lower court was aware that the appellant had not received notice; or (ii) subsequent to an unfavorable judgment being entered, the appellant had filed a motion in the lower court to challenge the notice issue. *Id*. at 86-87. Here, neither of those issues exist. There is nothing in the record suggesting that the circuit court or Fifth Third knew that Gibbs was not served with notice of the November summary judgment hearing. Other than his assertion on appeal that he did not receive the re-notice, there is nothing in the record reflecting that it was returned or undeliverable.

Additionally, Gibbs did not file a CR 59.05[2] motion to alter, amend, or vacate the judgment, nor did he file a motion pursuant to CR 60.02[3] to relieve himself of the summary judgment order, nor did he make any other attempt to notify the circuit court of this contention prior to this appeal. As noted above, even *pro se* litigants are required to preserve error. *Watkins*, 278 S.W.3d at 643. Gibbs erroneously asserts that Fifth Third and the circuit court knew his correct address because, as late as August 23, 2023, correspondence was sent to the Campton

---

[2] CR 59.05 provides that "[a] motion to alter, amend, or vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment."

[3] CR 60.02(a)-(f) allows a court to "relieve a party . . . from *its* final judgment upon" establishing just relief on several grounds stated therein. CR 60.02 (emphasis added).

address.[4]  Contrary to that assertion, after acquiring knowledge of what it believed to be Gibbs's new address, the civil rules required Fifth Third to serve future notices on that address.  *See* CR 5.02(1); *see also W.R.G.*, 673 S.W.3d at 85-86. The circuit court did not err because Fifth Third and the court did not know nor have reason to know that Gibbs did not receive notice of the November hearing, and Gibbs did not bring the alleged error to the circuit court's attention for correction.  Neither do we believe the result would have been different so as to constitute a palpable error in light of Gibbs's own admissions and the evidence presented by Fifth Third.

## CONCLUSION

For the foregoing reasons, we AFFIRM the Wolfe Circuit Court order granting summary judgment for Fifth Third.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Justin Gibbs aka Justin N. Gibbs,
*pro se*
Campton, Kentucky

BRIEF FOR APPELLEE:

Diane E. Huff
Hebron, Kentucky

---

[4] Gibbs also makes several statements in his briefs that allude to Fifth Third acting fraudulently and in bad faith.  We do not address these claims because the record does not reflect such behavior, and Gibbs makes no attempts to substantiate them.