RENDERED:  JUNE 20, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0699-MR

MICHAEL ROBERTSON                              APPELLANT


APPEAL FROM DAVIESS CIRCUIT COURT
v.        HONORABLE THOMAS O. CASTLEN, SPECIAL JUDGE
ACTION NO. 20-CR-00641


COMMONWEALTH OF KENTUCKY                    APPELLEE


<u>OPINION AND ORDER</u>
<u>DISMISSING</u>

** ** ** ** **

BEFORE:  CALDWELL, ECKERLE, AND McNEILL, JUDGES.

ECKERLE, JUDGE:  Michael Robertson, *pro se*, appeals from an order of the Daviess Circuit Court, which denied relief regarding his motion made pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42.  For the reasons stated herein, we strike Robertson's brief and dismiss the appeal.

## **I. Factual and Procedural Background**

In 2021, following a four-day jury trial, Robertson was convicted of two counts of first-degree rape of his stepdaughter, A.C.  The Trial Court

sentenced Robertson to 20 years' incarceration on each count, to be served concurrently, per the recommendation of the jury. Robertson appealed his conviction, and the Kentucky Supreme Court affirmed. *Robertson v. Commonwealth*, 677 S.W.3d 309 (Ky. 2023). On February 26, 2024, Robertson, *pro se*, filed the underlying motion pursuant to RCr 11.42, alleging ineffective assistance of trial counsel. He also filed, concurrently, motions for appointment of counsel; for an evidentiary hearing; and to proceed *in forma pauperis*. After the Commonwealth filed a response, the Trial Court denied relief to Robertson without an evidentiary hearing; however, his motion to proceed *in forma pauperis* was granted. This appeal followed.

## II. Analysis

Robertson's brief is deficient in numerous ways. In contravention of Kentucky Rule of Appellate Procedure ("RAP") 32(A)(1), he does not include a statement concerning oral argument. In contravention of RAP 32(A)(2), Robertson does not include a statement of points and authorities. In contravention of RAP 32(A)(3), he does not include a statement of the case. Finally, in contravention of RAP 32(A)(4), Robertson's brief contains absolutely no statements of preservation and zero citations to the record.

"While *pro se* litigants are sometimes held to less stringent standards than lawyers in drafting formal pleadings, *see Haines v. Kerner*, 404 U.S. 519, 92

-2-

S. Ct. 594, 30 L. Ed. 2d 652 (1972), Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of [Appellate] Procedure." *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009). The rules of appellate procedure are "critical" to effective appellate review and substantial compliance is mandatory. *Oakley v. Oakley*, 391 S.W.3d 377, 380-81 (Ky. App. 2012). This Court has three options when a party fails to follow the mandates of the RAP: ignore the deficiency, strike the brief in whole or in part, or review only for manifest injustice. *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). The manifest-injustice standard of review is reserved only for errors in appellate briefing related to the statement of preservation; if a party fails to inform the appellate court of where in the record his issue is preserved, the appellate court can treat that issue as unpreserved. *Id. See also* RAP 31(H)(1), which states that this Court may strike a brief "for failure to substantially comply with the requirements of these rules."

Here, Robertson did not comply with the RAP in any meaningful way at all. It does not appear that he even looked at the rules or made any attempt at compliance. One ignores our mandatory rules at his own peril. Because of Robertson's abject failure, we cannot offer him any leniency here. He has not even requested it. Accordingly, we strike Robertson's brief and dismiss the appeal.

We do pause to note, however, that *even if* we were to review Robertson's arguments for manifest injustice only – which we are not compelled to

do and find no reason to do – we would find no manifest injustice here. Robertson argues that the Trial Court erred by failing to appoint counsel and failing to hold an evidentiary hearing. If a motion made pursuant to RCr 11.42 is refuted by the record, there is no need for the Trial Court to hold an evidentiary hearing and, if there is no evidentiary hearing, appointment of counsel is not necessary. *Fraser v. Commonwealth*, 59 S.W.3d 448, 453 (Ky. 2001). We agree with the Trial Court that Robertson's arguments are either conclusory or made without supporting facts; are based upon his subjective belief only; and were addressed or should have been addressed on direct appeal.

### III. Conclusion

For the foregoing reasons, Robertson's brief is stricken, and the appeal dismissed.


ALL CONCUR.



ENTERED: ____06/20/2025____        _____
                                    JUDGE, COURT OF APPEALS

-4-

BRIEF FOR APPELLANT:   BRIEF FOR APPELLEE:

Michael Robertson, *pro se*  Russell Coleman
La Grange, Kentucky   Attorney General of Kentucky

           Matthew R. Krygiel
           Assistant Attorney General
           Frankfort, Kentucky